**QUINN E. KURANZ** OSB No. 114375
quinn@kuranzlaw.com
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 SW Yamhill St., Suite 300
Portland, OR 97204
Telephone: 503-757-4749
Fax: 503-200-1289
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Edward P. Richardson, | CASE NO.: |
| Plaintiff, | COMPLAINT FAILURE TO PAY OVERTIME WAGES; STATE PENALTIES; LIQUIDATED DAMAGES-ORS 653.055; ORS 652.150; 29 USC § 207 AND 216 |
| v. | |
| **MICHAEL'S MESSENGER SERVICE, INC., and MICHAEL ESHELBY.** | |
| Defendants. | JURY DEMAND |

Plaintiff's allege:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of the state of Washington.

2. Defendant Michael's Messenger Service, Inc., is an Oregon domestic corporation, incorporated in the State of Oregon, with its principle place of business in Oregon.

3. Defendant Michael Eshelby is a resident of the state of Oregon.

4. Defendants Michael's Messenger Service, Inc., and Michael Eshelby are herein jointly referred to as "defendants").

5. This court has subject matter jurisdiction because the claims alleged herein arise under the Fair Labor Standards Act (FLSA).  28 USC § 1331.

6. This court has subject matter jurisdiction over plaintiffs' state law wage claims because plaintiffs' state law wage claims arise from the same set of facts as plaintiffs' FLSA claims.  28 USC § 1337.

7. Plaintiffs' claims arose in part in Hood River, Multnomah, and Wasco counties.  Venue in the Portland Division is appropriate.

## FACTS COMMON TO ALL WAGE CLAIMS

8. Plaintiff was an employee of defendants.

9. Defendants hired plaintiff in October 22, 2014.

10. On March 31, 2016, defendants terminated plaintiff without prior warning.

11. Defendants retained the authority to terminate plaintiff at-will, and exercised that authority.

12. During the final months of 2016, defendants permitted plaintiff to split his work with plaintiff's son.

13. Defendants required plaintiff's son to fill out paperwork and obtain a security pass through defendants' screening process.

14. Plaintiff earned no money from his son working for defendants; rather, plaintiff needed a break after working six days per week for almost two years.

15. Towards the end of plaintiff's employment, defendants informed plaintiff that his son

needed to be paid separately from plaintiff.

16. Defendants utilize instrumentalities of interstate commerce, including the interstate highway system.

17. Plaintiff's position required him to drive a particular delivery route each day, delivering medications in Oregon and Washington.

18. Defendants assigned plaintiff to his route, increased or decreased the route as defendants needed, and compensated plaintiff for his work.

19. Plaintiff routinely worked 6 days per week, in excess of 40 hours per week.

20. Defendants directed plaintiff's employment.

21. Defendants compensated plaintiff at a daily rate of $240.00 per day from November 2014 to October 2015, or an estimated hourly rate of $20.00 per hour.

22. Defendants compensated plaintiff at a daily rate of $300.00 per day from October 2015 to December 1, 2016, or an estimated hourly rate of $30.00 per hour.

23. During plaintiff's employment with defendants, defendants suffered or permitted plaintiff to work hours in excess of 40 hours per week:

   a. In 2014, plaintiff estimates he worked 329 hours in excess of 40 hours per week for which he was not compensated at a rate of 1.5 times his regular rate;

   b. From January 1, 2015, to October 1, 2015, plaintiff estimates he worked 1,191 hours of overtime for which he was not compensated at a rate of 1.5 times his regular rate;

   c. From October 1, 2015, to January 1, 2016, plaintiff estimates he worked 206 hours of overtime for which he was not compensated at a rate of 1.5 times his

regular rate.

24. On March 31, 2016, defendants terminated plaintiff without prior notice as is required by the written agreement defendants provided plaintiff at the beginning of his employment. As a result, plaintiff was not paid for wages that he could have earned during the two-week notice period.

25. On July 12, 2016, plaintiff, through counsel, sent a written notice of unpaid overtime wages, liquidated damages, penalties, and right to attorney fees to defendants through their registered agent's office at Garrett Hemann Robertson, PC.

26. Defendants did not pay plaintiff all wages due within 30 days of receipt of the written notice of unpaid overtime wages.

## PLAINTIFFS' CLAIMS FOR RELIEF

*Plaintiff's Wage Claims*

27. Plaintiff incorporates all allegations in relation to his wage claims from paragraphs 8 to 26.

28. Plaintiff is entitled to recover all wages owing for uncompensated hours in which plaintiff was suffered or permitted to work in excess of 40 hours per week.

29. Plaintiff is entitled to recover liquidated damages in an amount equal to unpaid overtime wages.  FLSA § 216.

30. Plaintiff is entitled to recover state penalties equal to 240 hours at plaintiff's regular rate of pay for defendant's failure to pay overtime wages.  ORS 653.055; ORS 652.150.

31. Plaintiff is entitled to recover costs, disbursements, and attorney fees for prevailing in any portion of his claim for unpaid wages.  ORS 652.200; ORS 653.055; FLSA § 216.

32. Plaintiff is entitled to declaratory relief that plaintiff was defendants' employee, entitled to overtime and other benefits of employment status including contributions to his social security accrual, employer tax contributions, and reimbursement for costs for fuel and insurance.

33. **Wherefore,** Plaintiff, individually, prays for relief in all amounts due against defendants' including claims for overtime, liquidated damages, state penalties, costs, disbursements, and attorney fees.

   A.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.*;
   B.  Permanent injunctive relief enjoining defendants, its officers, employees and agents from violating the FLSA, as described herein;
   C.  Overtime compensation in the amount due for time worked in excess of 40 hours per workweek;
   D.  Liquidated damages in an amount equal to the overtime wages awarded;
   E.  state penalties equal to 240 hours at plaintiff's regular rate for failure to pay overtime;
   F.  Reasonable costs and attorney fees;
   G.  For such other and further relief as the Court may deem just and equitable.

Plaintiff demands a trial by jury.

DATED this November 7, 2016.

>                /s/Quinn E. Kuranz
>                Quinn E. Kuranz, OSB #114375
>                Of Attorneys for Plaintiff